J-S63030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID CLAPPER | |
| Appellant | No. 1246 WDA 2016 |

Appeal from the Judgment of Sentence Dated July 20, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013172-2009

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:               **FILED NOVEMBER 30, 2017**

Appellant, David Clapper, appeals from the judgment of sentence entered after the revocation of his probation imposed for aggravated indecent assault without consent, indecent assault without consent of another, and simple assault.[1]  We affirm.

The facts of this case were set forth in our prior decisions in this matter — **Commonwealth v. Clapper**, No. 849 WDA 2012 (Pa. Super., Nov. 27, 2012) ("**Clapper I**"), **appeal denied**, 527 WAL 2012 (Pa., May 29, 2013); **Commonwealth v. Clapper**, No. 716 WDA 2014 (Pa. Super., Dec. 18, 2014) ("**Clapper II**"); and **Commonwealth v. Clapper**, No. 161 WDA 2016 (Pa. Super., Dec. 12, 2016) ("**Clapper III**"), **appeal denied**,

---

[1] 18 Pa.C.S. §§ 3125(a)(1), 3126(a)(1), and 2701(a)(1), respectively.

No. 22 WAL 2017 (Pa., Aug. 1, 2017) — and in the decision below following the hearing on Appellant's violation of probation ("VOP"):

> On August 9, 2009, Appellant was arrested in connection with a sexual assault that occurred the previous evening. The victim reported that, . . . on the evening of August 8, 2009, Appellant approached her in an alleyway, engaged her in conversation, and then grabbed her. Appellant placed his hands down her pants and penetrated her vagina with his fingers before she was able to break his embrace and run away.

*Clapper I*, at 1-2 (footnote and citation to the record omitted).

> During the assault, the victim pressed the "redial" button on her phone at 9:07 p.m., 9:08 p.m., 9:09 p.m., 9:10 p.m., 9:11 p.m., and 9:12 p.m. Meanwhile, the victim noticed a black sports car drive up to the alley and a male driver exit the vehicle and enter a nearby store while the female passenger stayed in the vehicle. After the male driver returned, the female passenger observed the assault and exited the vehicle, at which time the victim escaped.[4] The victim then found a police officer at 9:15 p.m. Appellant was eventually apprehended and charged.
>
> [4] The driver and passenger were never identified.

*Clapper II*, at 1-2 (citations to the record omitted).

> On October 28, 2009, Appellant was charged with one count each of unlawful restraint, aggravated indecent assault, indecent assault, and simple assault. On November 4, 2011, Appellant waived his right to a jury trial and proceeded to a bench trial before the Honorable Joseph K. Williams, III. Prior to the presentation of witnesses, Appellant stipulated that he was guilty of indecent assault and simple assault. Thereafter, Appellant proceeded to trial on the remaining charges of aggravated indecent assault and unlawful restraint.

*Clapper I*, at 2 (footnote omitted).

> During trial, the victim testified that Appellant walked up to her in an alley and asked to borrow a lighter. The victim testified that, after giving Appellant [her] lighter:

> My sunglasses fell off my head, so I went down to pick them up, and that's whenever I was put in a bear hug, and my defense was to try to fall to the ground and try to wrestle my way out of it, except at that point, whenever I did that, [Appellant] ended up choking me on my neck, and at that time, he was also fondling my breasts, and had already unzipped and unbuttoned my pants and had his hands down inside of my pants and inside of me. . . . He was penetrating my vagina.

> N.T. Trial, 11/4/11, at 15.

**Clapper III**, at 2.

> At the close of trial, on November 4, 2011, the trial court found Appellant guilty of aggravated indecent assault, but not guilty of unlawful restraint.

> On January 12, 2012, the trial court sentenced Appellant to an aggregate sentence of two to four years' imprisonment, to be followed by seven years' probation. Thereafter, on January 18, 2012, Appellant filed a timely post-sentence motion. On January 24, 2012, the trial court granted Appellant leave to file an amended post-sentence motion, which Appellant filed on March 13, 2012. Thereafter, on May 21, 2012, Appellant's post-sentence motions were denied by operation of law pursuant to Rule 720 of the Pennsylvania Rules of Criminal Procedure.

**Clapper I**, at 2-3 (footnote omitted).

Appellant filed a timely direct appeal, and this Court affirmed the judgment of sentence on November 27, 2012. Appellant's petition for allowance of an appeal was denied by the Supreme Court on May 29, 2013.

> Thereafter —

> Appellant timely filed [a] PCRA petition on August 9, 2013[.] . . . The PCRA court appointed counsel, who filed a petition to withdraw pursuant to **Turner**/**Finley**[9] on February 4, 2014. . . .

>> [9] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

- 3 -

The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. Appellant filed a timely response in opposition[.] . . . Appellant did not seek leave of court to file an amended PCRA petition. On March 27, 2014, the PCRA court dismissed Appellant's PCRA petition and granted permission for Appellant's PCRA counsel to withdraw.

Appellant filed a *pro se* timely appeal on April 22, 2014 . . . .

*Clapper II*, at 5-6. On December 18, 2014, this Court vacated the PCRA court's decision and "remanded for an evidentiary hearing on whether PCRA counsel was ineffective for failing to investigate the absence of a guilty plea colloquy." *Id.* at 14; *see also id.* at 13. That evidentiary hearing was held on October 21, 2015, and, on October 30, 2015, the PCRA court dismissed the PCRA petition. This Court affirmed that dismissal on December 12, 2016, *Clapper III*, at 1, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of an appeal on August 1, 2017.

Meanwhile, on March 18, 2015, while Appellant was awaiting his new evidentiary hearing, his probation began. VOP Ct. Op., 1/26/17, at 2. A year later, he violated it:

Because of the crimes of conviction, aggravated indecent assault, in particular, [Appellant] was deemed a sex offender and subject to specific written guidelines. The Special Field Report of August 24, 2015 attached various acknowledgments from [Appellant] about the sex offender guidelines. On May 25, 2016 a notice hearing was scheduled. A few days later, the [c]ourt received "Arrest Report #2". It identified five (5) technical violations and requested [Appellant] be detained. Attached to that document was a "Summary of Adjustments" It did not paint a positive picture of Mr. Clapper.

In anticipation of the July, 2016 violation hearing, the [c]ourt ordered a mental health evaluation be done. It was received on June 8th and reviewed shortly thereafter.

On July 20, 2016, the parties gathered for [Appellant]'s hearing. [Appellant] spoke as did his state probation officer, Thomas Bowman. Mr. Bowman provided sufficient facts to justify the accusations to be deemed accurate.

*Id.* Bowman testified as follows:

[Appellant] has been given every opportunity since he got out to attend sex offender treatment. He was discharged for non-compliance. He failed a polygraph and then he failed to return to treatment. I got him back into treatment. He was discharged but failed to show up. Shortly thereafter in November of last year he had gotten pulled over in his truck, another story that somebody must have done something to his vehicle that's why there was a wrong plate on there, okay. Those charges were pled out. We tried to get him back into sex offender treatment at another organization, Mercy Behavioral Health, he never called there. I noticed that he was being depressed. He had individuals over his house that were either high or drunk or both and he was basically slumped on his couch. . . . We tried to get him to Mon Yough Community Center for an evaluation for mental health, he never called. . . . It's already been proven he's admitted to alcohol usage. He's admitted to marijuana usage. Last time two months ago he admitted to doing crack cocaine.

N.T., 7/20/16, at 12-13.

During the VOP hearing, Judge Williams, who had presided at Appellant's trial in 2011 and therefore was familiar with the case, observed: "Part of the problem of this case is that it's been going on for nearly seven years and [Appellant] has been resistant to any of a number of overtures that I have proposed in sentencing or that the state tried to engage him in with respect to intervention." N.T., 7/20/16, at 4. At the hearing —

Defense counsel . . . acknowledged the contents of "Arrest Report #2" and offered "no additions or corrections." [N.T.,

- 5 -

7/20/16, at] 5[.[2]] . . . Ultimately, the [VOP c]ourt imposed punishment of 2-4 years in jail. Significantly, there was no probationary tail to follow.[3]

> [3] [Appellant]'s original sentence would have terminated community supervision on March 18, 2022. The current [VOP] sentence will expire in March, 2020. This assumes, of course, [Appellant] serves his maximum just like he did the first time.

VOP Ct. Op., 1/26/17, at 2 (footnote No. 2 omitted). While incarcerated, Appellant was ordered to participate in and to complete sex offender treatment and to participate in a therapeutic community. Sentencing Order, 7/20/16.

On July 21, 2016, Appellant filed a motion to reconsider the VOP sentence, stating:

> The report [of the mental health evaluation] submitted to the [VOP] court by the Behavior Clinic clearly showed [Appellant] has a diagnosis of severe depression and a severe problem with alcohol. [Appellant] respectfully avers that this [VOP c]ourt improperly ignored the recommendations contained in the report and did not consider the required sentence factors, including but not limited to, the rehabilitative needs of the defendant, prior to imposing sentence. [Appellant] also avers that the penalty imposed is not commensurate to the violations.

Mot. to Recons. Sentence, 7/21/16, at ¶ 4. Appellant's motion was denied, and Appellant then filed this timely appeal, in which he raises the following issue, as stated in his brief:

> Is the imposition of the aggregate sentence of two (2) to four (4) years of incarceration following a probation violation manifestly excessive, unreasonable, and an abuse of the [VOP] court's discretion? Specifically, does the sentence result in a

_____

[2] The report is not in the certified record.

manifestly excessive sentence that is wholly unreasonable and not in conformity to the Sentencing Code (42 Pa.C.S. § 9721(b)), as the [VOP] court failed to consider, as it must, the Appellant's rehabilitative needs and character, and mistakenly found that the Appellant's confinement was necessary to protect the public?

Appellant's Brief at 7.

Appellant "challenges only the discretionary aspects of [his] sentence," arguing that his sentence is "an abuse of the [VOP] court's discretion." Appellant's Brief at 10-11. Appellant contends that, "while the sentence imposed on [him] is a standard-range sentence . . . the punishment here does not fit the crime." *Id.* at 23. Appellant maintains that, "[b]ecause his probation violations have been non-violent, incarceration is not necessary to protect the public." *Id.* at 28. Appellant continues that, "[c]onsidering the remarks from the sentencing hearing in this case, and the lack of reflection on [Appellant]'s rehabilitative needs, it appears that [the VOP] court imposed a manifestly excessive and unreasonable sentence by sending [Appellant] to the state penitentiary for 2 to 4 additional years." *Id.* at 29. Appellant asks this Court to vacate his judgment of sentence and to remand for resentencing. *Id.*

The Commonwealth responds that the VOP court "did not abuse its discretion where it considered appropriate factors and imposed a reasonable sentence of 2 to 4 years' incarceration for Appellant's probation violations." Commonwealth's Brief at 10. The Commonwealth notes that "Appellant dose not dispute that he violated the terms and conditions of his probation."

***Id.*** The Commonwealth continues that, "A sentence of total confinement of Appellant's various probation violations was essential to vindicate the authority of the court," further noting that the VOP court "was free to impose any sentence permitted under the Sentencing Code when Appellant violated his probation." ***Id.*** at 14-15.

In ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*), we held that our scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges. Such a challenge is not appealable as of right. ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159 (Pa. Super. 2017). We will exercise our discretion to consider the issue only if (1) the appellant has filed a timely notice of appeal; (2) he has preserved the sentencing issue at the time of sentencing or in a motion to reconsider and modify his sentence; (3) he presents the issue in a properly framed statement in his brief under Rule 2119(f) of the Rules of Appellate Procedure, pursuant to ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987); and (4) in the words of Section 9781(b) of the Sentencing Code, 42 Pa.C.S. § 9781(b), "it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." ***See, e.g.***, ***Commonwealth v. Haynes***, 125 A.3d 800, 807 (Pa. Super. 2015), ***appeal denied***, 140 A.3d 12 (Pa. 2016); ***Commonwealth v. Zelinski***, 573 A.2d 569, 574-75 (Pa. Super.), ***appeal denied***, 593 A.2d 419 (Pa. 1990). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the

Sentencing Code or is contrary to the fundamental norms of the sentencing process." *Luketic*, 162 A.3d at 1160 (citation omitted).

Here, Appellant filed a timely notice of appeal and a motion to reconsider his sentence and included a statement in his brief pursuant to Pa.R.A.P. 2119(f). *See* Mot. to Recons. Sentence, 7/21/16; Appellant's Brief at 12-16; *see also Tuladziecki*, 522 A.2d at 17; *Haynes*, 125 A.3d at 807; *Zelinski*, 573 A.2d at 574-75. However, Appellant's motion to reconsider his sentence asserted only that the sentence violated Section 9721(b) of the Sentencing Code[3] by failing to consider his rehabilitative needs. Mot. to Recons. Sentence, 7/21/16, at ¶ 4. The motion did not aver that his confinement was unnecessary for protection of the public. *Compare generally id.* to Appellant's Brief at 7, 28. He also failed to raise this claim at sentencing. *See generally* N.T., 7/20/16. Where an appellant fails to preserve arguments raised in support of his discretionary sentencing claims at sentencing or in a post-sentence motion, they are not subject to appellate review. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015). Consequently, Appellant failed to preserve his claim that his sentence is unnecessary to protect the public. We therefore shall exercise our discretion to consider only that

---

[3] Section 9721(b) provides that the sentencing court must impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); *see also Commonwealth v. Walls*, 926 A.2d 957, 962 (Pa 2007).

portion of Appellant's appeal that contends that the VOP court failed to consider Appellant's rehabilitative needs. That contention raises a substantial question for appellate review. ***See Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013), ***appeal denied***, 86 A.3d 231 (Pa. 2014)).[4]

> Our standard of review follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In order to establish that the sentencing court abused its discretion, the defendant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. To determine whether the trial court made the proper considerations during sentencing, an appellate court must, of necessity, review all of the judge's comments. As this Court has stated, the judge's statement must clearly show that he has given individualized consideration to the character of the defendant. . . . [I]t is an abuse of discretion when the nature of the criminal act is used as the sole basis for the determination of the length of sentence.

***Luketic***, 162 A.3d at 1162-63, 1165 (internal brackets, citations, and quotation marks omitted). In the revocation context, as in sentencing generally, sentencing is vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest

---

[4] The Commonwealth agrees that Appellant's allegation that the VOP court failed to consider his rehabilitative needs raises a substantial question. Commonwealth's Brief at 12-13.

- 10 -

abuse of discretion. ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014), ***appeal denied***, 117 A.3d 297 (Pa. 2015).

When probation is violated, the sentencing court possesses the same sentencing alternatives in the revocation context that it had at the time of initial sentencing. ***See*** 42 Pa.C.S. § 9771(b); ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2002). Where probation is ineffective as a rehabilitative tool, a more severe sentence, up to and including total incarceration, will often be warranted and appropriate. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000); ***Commonwealth v. Smith***, 669 A.2d 1008, 1011 (Pa. Super. 1996). Total confinement may be imposed if (1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. ***Fish***, 752 A.2d at 923 (citing 42 Pa.C.S. § 9771(c)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Joseph K. Williams III, we conclude that Appellant's claim merits no relief. The VOP court explained its sentence as follows:

> The length of time Clapper's case has been in chambers allows the Court an enhanced level of understanding of Mr. Clapper. That includes the good and the bad. He has some construction skills that if channeled with the right motivators could allow for a better life. However, his addiction issues are a major impediment to that goal. His efforts in the real world were not successful. He returned to his favorite friend — alcohol — and was joined by its cousins — marijuana and crack cocaine. On top of those curses, he has struck out on sex offender treatment. Three times he

- 11 -

> started only to fail for various reasons. Clapper's supervision was terrible. No job, despite skills and a car equipped with a device to allow this alcoholic to drive, no payments toward fines and costs and a new summary conviction. When the Court looked at the big picture here, Clapper showed that community supervision was not working. For those reasons, the Court's sentence was imposed.

VOP Ct. Op. , 1/26/17, at 2-3. The court's explanation makes clear that the court understood that Appellant had addictions to alcohol, marijuana, and crack cocaine. ***Id.*** The court stated it had "ordered a mental health evaluation to be done" and reviewed it "shortly" after receiving it on June 8, 2016, so that it understood Appellant's psychological situation. ***See id.*** The court noted that Appellant had failed to complete sex offender treatment three times. Appellant's "efforts in the real world were not successful" and "community supervision was not working," and the court concluded that Appellant's "addiction issues are a major impediment to [achieving his] goal" of a better life. ***Id.*** In the end, the VOP court demonstrated its understanding of Appellant's need for rehabilitation by ordering Appellant to participate in and to complete sex offender treatment and to participate in a therapeutic community while he is incarcerated. Sentencing Order, 7/20/16. Thus, the VOP court did consider Appellant's rehabilitative needs, and Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017